We have five cases on the calendar this morning. One from the Veterans Court, two from the MSPB, and two from the PTAB. One of the MSPB cases is submitted on the briefs and will not be argued. The first case is James Messer v. Secretary of Veterans Affairs, 2023-1543. Is it Mr. DeHakis? Yes, Your Honor, DeHakis. Good morning, and may it please the Court. On behalf of Mr. Messer, I want to thank this Court for the opportunity to present his appeal. Before this Court, we have an appeal that asks this Court to consider the difference between a supplemental claim filed under 38 U.S.C. 5108 and one filed under 5104 Big C. I want to start with just a short overview of the undisputed facts. Before you start with the undisputed facts, can I just understand what your argument is that 5104 C and 5110, not all supplemental claims require new and relevant evidence? I understand that to be the argument you're pressing here today. Can you point me where in your brief before the CAVC you raised that argument? That specific argument, Your Honor, was not raised to the Veterans Court. However, I- Is it fair to say that nothing even approaching that argument was raised before the CAVC? I don't believe that to be correct, Your Honor. I would direct your attention to Appendix 7, the very first sentence in the Veterans Court's decision. Mr. Messer argues that the Board erred when it exclusively addressed whether new and relevant evidence was submitted in relation to the supplemental claims. And that's really the thrust of the argument is that before the Board, the issue was not whether the claim should have been re-adjudicated. That had already been favorably decided in his favor by the higher-level reviewer in the September 2019 decision. And he argued that the Board was required to go beyond that. That issue had already been settled in his favor. I don't see how that is the same argument or even closely similar to the argument you're making here about the statute, which whether new and material evidence is required for re-openings for less than one year. But in any event, you don't- The government makes the argument of forfeiture in your Gray brief, and I'm not even sure that I saw anything where you dispute that point. I mean, you say in your Gray, well, yeah, that we have jurisdiction over your appeal, but that's not the argument the government was making. It was making a forfeiture argument. Just because we have jurisdiction doesn't mean we've preserved an argument or immune from consequences of forfeiture, right? Yes, Your Honor, that's correct. However, in our reply brief, yes, we framed it as jurisdictional, but Morgan is a controlling case law for this circuit, and it supports the proposition that because the Veterans Court relied upon a misinterpretation of this regulation, this court has jurisdiction. And in Morgan- Well, we have jurisdiction over the case. That's not the same thing as whether or not you appropriately preserved an argument. Right, Your Honor. But the ruling in Morgan goes beyond that and talks about in- and I'm looking on page 1364 of that decision- talks about applying the correct law to an issue properly before the court. Subsequent to briefing concluding in this court, the Supreme Court issued a decision in Moody v. Net Choice, 603 U.S. 707, where the court focused on this very issue, essentially ruling that the parties cannot waive or forfeit the proper application of the law. Justice Alito's concurrence in that decision pointed to two separate circuit decisions in the Fifth and Eleventh Circuits, Gardner v. Galetka and Karras v. Southern Pines Trucking, Inc. And those cases, again, dealt with this issue that the law is what the law is, and the Veterans Court can't evade the proper application or the proper interpretation of these statutes simply because the parties didn't brief it to them or argue it in the correct way. But you're asking a lot of adjudicatory bodies that they're required to construe all aspects of a law even if a party hasn't raised an argument with respect to those aspects. Seems like a tough road for courts to have to reach out and decide every single thing. I don't know how a court would even know the parameters of what they should decide in their decision because everything is a question of law when the argument isn't raised by the parties. But you can go ahead with your argument. Right, Your Honor, and that's my point is that this court's jurisdiction requires or allows this court to review a decision of the Veterans Court on a rule of law or a statute or a regulation that was relied upon by the Veterans Court. And if it relied upon a misinterpretation, this court should correct that misinterpretation. Particularly in this case where we have a new adjudicatory system within the VA, the AMA is still an infant even though it's been around for about five or six years, there's still a lot for the courts to unpack with how this is supposed to process. And this in particular is a really important issue of whether or not you need to each time when you're continuously pursuing a claim present new and relevant evidence. So we do think that this court should consider the issues, obviously. And in our briefing, we cited to Sullivan v. McDonald where the veteran didn't even raise the issue and the Veterans Court still relied upon a misinterpretation. This court had no problem deciding that issue. Linville v. West where the issue was raised but not addressed. And then, of course, the statute 7292A, a rule of law relied upon by the Veterans Court. But I do want to get to the merits of this matter before I run out of time. So Mr. Messer filed a claim September 2019. The VA favorably found that he had submitted new and relevant evidence and re-adjudicated a prior claim that had been previously finally denied. He filed a supplemental claim. The VA issued a decision saying that there was no new and relevant evidence submitted. He appealed to the board. The board said that they're only required to look at whether there was new and relevant evidence submitted, and the court affirmed that. For supplemental claims, as we discussed in our briefing, the supplemental claim relates back to the initial filing. And once you've overcome the burden of establishing new and relevant evidence and have triggered the re-adjudication, that issue now is subject to review by the board. What happens here in this case is that the agency can now supplant the review by the board and preclude a veteran from receiving his rightful appeal under 7105 and 7104 by then saying that, oh, now there's no new and relevant evidence submitted. So I thought you were reading the statute to say that it depends on whether or not it's a year later or more than a year later. Is that what your argument is under the statute? So if it's a year, within a year, no new and relevant evidence is required. Can you tell me where we're getting that from the statutory provisions we're talking about here? Right, Your Honor. So again, under 5104C and the regulations that the secretary promulgated, 3.2501A2 says that any new and relevant evidence is received by the VA before it issues a decision on a supplemental claim is considered filed with that claim. When we combine that with 5110, 5104C, the claim is the initiating claim in that continuously pursued process. What has that got to do with new and relevant evidence? Well, again, the regulation very specifically says that new and relevant evidence received before the VA issues its decision is considered having been filed in connection with that claim. And because it's been continuously pursued under 5110, the claim is not the submission of the supplemental application. The claim is the initial claim that started the entire process. So when we look at the regulations, again, 3.103. Do you cite those in your brief? We do, Your Honor. You cite 5104C at page 12 and 13, right? Where's the regulation? So 3.2501 is discussed. So starting on the bottom of page 19, we talk about the interplay between 3.2501, 3.103, and the other statutes and regulations. And it continues on all the way through page 22. And then, of course, we follow up with that in our reply brief and in response to the Secretary's arguments. But essentially, the regulations say that the record includes all of the evidence that has been submitted, well, from the beginning of the veterans discharged from service, but as it relates to the specific issue of new and relevant evidence, the initiating claim that has been continuously pursued. And what the Veterans Court did in their interpretation is they're taking chunks of this and only looking at a very discrete period of time, which clearly violates both of these regulations that require the Secretary to consider all of the evidence that has been submitted, including the new and relevant evidence under 3.2501A2. And then when you combine that with the favorable findings that are binding under 5104A and 20.801A, once that determination's been made, it is binding on both the Board and the AOJ for the life of that claim. Now, we recognize that, and we talked about it in our brief, that once the Board makes a final decision, 7104B requires new and relevant evidence before the Board can look at that same claim under the same facts. So obviously, after it's been to the Board and a new supplemental claim is filed, then the veteran would, of course, be required to submit additional new and relevant evidence that is relevant to the final Board's decision. Or under 3.160, a claim is finally decided if no action has been taken within the time period, which in most cases is one year. Now, no NODs were filed with respect to the July or September decisions. How does that fit in here? Again, Your Honor, because it's been continuously pursued, the veteran does not need to appeal those decisions. The NOD under 5104C says that they can, in succession, and I want to look at the language here because I think it's really important. In any case in which the Secretary renders a decision, the claimant may take any of the following actions with respect to that claim, and then it lists the three options. And then it also says that nothing, and I'm looking at 5104Ca to Big B, nothing in this subsection shall prohibit a claimant from taking any of the actions set forth in Paragraph 1 in succession with respect to a claim or any issue contained within the claim. And so what the Veterans Court's interpretation has done here is it's violated that aspect of it by prohibiting Mr. Messer from obtaining judicial, I'm sorry, a board review under 7104A of the merits decision that the higher level reviewer, who already re-adjudicated the claim, found there's new and relevant evidence, violates both this and the other statutes and regulations that we discussed. I'm into my rebuttal time, but if there are any questions, I'm happy to answer them. We will save the time for them. Thank you, Your Honor. Mr. Hawkins. Thank you, Mr. Court. I'd like to unpack how we got here. As it turns out, Your Honor, it will actually respond to the question you just posed, which is that we're here because the court below, the Veterans Court, properly applied 38 U.S.C. 7105 and the implementing regulation 3820.202. That is because both those provisions require that the individual identifying the NOD, the decision that it wants the board to review. In this case, the NOD that was submitted by Mr. Messer identified a November 2019 decision, identified no other decisions. In the brief before the Veterans Court, that brief starts with the same language, asking the board to look at the November 2019 decision. I'm referring first to Appendix 56. That's the NOD. On the next page, Appendix 57, under the first paragraph under it, says, Mr. Scott, this appeal is before the board as a result of a November 2019 rating decision. And that November 2019 NOD stemmed from the October 2019 filing of a supplemental claim. Attempting to provide new and relevant evidence to reopen the claim and get the benefits. Earlier in the process, Mr. Messer had submitted other supplemental claims, including the one that we're talking about here, where the argument later raised before the Veterans Court vaguely, which was the Veterans Court erred because it should have looked at these earlier decisions. It doesn't explain why. Here today, Mr. Messer has put out a theory as to why the Veterans Court was required to look at a decision that it was not. Actually, let me restate. The argument is being made that the board should have looked at a decision that it wasn't asked to look at. 7105 says that there's a burden on the claimant to tell the board, what decision do we want you to look at? This was a decision going back years. Well, in addition to not giving them the decision, they didn't make the argument at all. No, they didn't make the argument either. This court in Ledford years ago identified the fact that one of the basic requirements for the board review is to identify the decision that you want the board to look at. Interestingly, in passing the AMA, which is what we're here to talk about, 7105 was modified, amended, to actually include the same kind of identify the decision language that this court discussed in Ledford and discussed in many cases, but beginning with Ledford. You will recall in the case that this court had called Gallegos, this court dealt with a regulation which required the specific identification of the decision. And this court at that point, not finding language in 7105 that was clear, determined that the VA was proper in filling a gap. That gap's no longer there. In the AMA, 7105 was modified to the language that exists today, which is the notice of disagreement shall be in writing, shall identify the specific determination with which the claimant disagrees. And that's 7105A, no, B2, sorry. I think it shows up in our footnote at the end of our brief. So that, in conjunction with the 20.202 regulation, is what the Veterans Court relied on when the Veterans Court was confronted with arguments about the board not reviewing earlier decisions, which the board was never asked to review. So that's where we are. Now, before this court, the argument is an attempt to get around that obstacle that was created by Mr. Messer not asking the board to look at these earlier decisions. And as I understand the argument, it's, well, with the AMA and the new continuous developmental, continuous thing which does provide a benefit to veterans who are continuously pursuing their claims by tying or allowing a consideration of an earlier effective date, going back to the original start of the process. If you go through the various lanes several times and eventually you're awarded a benefit, if you've been continuously pursuing it, according to the statute and the regulations, you should be able to, depending on if you dot all your I's and cross your T's, get the effective date that would be associated with the original claim document, notwithstanding the fact that that original claim didn't result in an immediate benefit. That's the big change that's brought about by 5104C. Nothing about 5104C, though, addresses the basic requirement for reopening, which has always been new and now it's called relevant evidence. It used to be called new and material evidence under 5108. 5108 itself has been revised in conjunction with the creation of 5104C to handle this situation. We now have NRE. Pardon me? We now have NRE, not NME. I have to go back and adjust all my speeches now. But yes, this is what we have is new and relevant evidence, and there's a requirement as 5108 plainly provides. As we look, 5108 now, subsection A, if new and relevant evidence is presented or secured with respect to a supplemental claim, the Secretary shall re-adjudicate the claim, taking into consideration all the evidence of the record. That's what 5108 says. 5104C is simply a procedural path that identifies the various paths that a claimant can take once they get a denial at the regional office. The first one is to file a request for higher-level review at that regional office under Section 5104B of Title 38. The second path that the person could take if they get a denial at the RO is to file a supplemental claim under 5108 of this title. And then the third path is to file a notice of disagreement under 7105 and go to the board. So that second path, that kind of covers a situation in which, let's say the RO says, the claim is denied because you don't have any evidence of X, Y, or Z. And the claimant reads that and says, I actually do have evidence of X, Y, and Z. So rather than go to the board or higher-level review, he comes in with evidence of X, Y, and Z. That's the new and relevant evidence. And if it is new and relevant, then he may actually get his claim, and the 5104C and other aspects of the AMA will allow him to track back the effective date of that claim to the date of his original claim. That wouldn't have been the case without the AMA. The old school, as we all know, is a claim under 5108 has its own effective date because it's based on new evidence that the VA didn't have prior to that. So you have to start at, you know, the 5110 effective date provision says that effective dates are on the date of the claim or where the evidence demonstrates, whichever is later. So that's why in the old days you didn't get this sort of look-back effective date aspect. But that's the big benefit of the AMA is this look-back effective date thing. It does not change the basic requirement for new and relevant evidence. You need new and relevant evidence. So to suggest that somehow the AMA changes that when, in fact, 5104C, the statute that I see Mr. Messer relies on, plainly says you can file a supplemental claim under Section 5108. Nothing about that suggests at all that you're filing it under some version of 5108 that is not 5108, something less, that you don't meet the standards of 5108. So it's under 5108. So our view is that's what it means. Are there any questions? Thank you, Mr. Hoffman. Mr. Dohofrez, we'll give you two minutes for rebuttal. Thank you, Your Honor. A few points. Number one, the Secretary points to the Notice of Disagreement at page 56 of the appendix. You will notice there the specific issue that he brought to the Board was service connection for sleep apnea. Again, this is a pro se veteran who was acting pro se before the Board. And when he went to the Board, he understood that his claim had already been re-adjudicated. It had gotten past the hurdle of 5108. And so the issue that the Board was going to be looking at was service connection and not whether new and relevant evidence was submitted. Ledford and Gallegos and all the other case law have never considered a situation where there is a continuously pursued claim. So to the extent that any of those rulings touch on any aspect of this claim, we think that with the continues to pursue claim aspect, it requires some new case law from this Court. Mr. Messer, to be clear, is not asking that the Board consider earlier decisions. The claim before the Board had been continuously pursued, had been re-adjudicated by the higher level reviewer, and denied on its merits. That's what he was looking for the Board to review. 7104A, yes, it's an appeal, but it's a de novo review of the evidence on the claim that has been continuously pursued. And we just emphasize again, as we pointed out in our briefing, that the Secretary is asking this Court to ignore 3.2501A2 and 3.103C1. Again, 3.2501 says very clearly that new and relevant evidence, any new and relevant evidence received before a decision on a supplemental claim, will be considered as filed with that claim. That's how we get through the continuously pursued aspect of it. And yes, 5104C points to 5108, but these regulations very clearly tell us that the new and relevant evidence is part of the entire record. So with that, we ask that the Court vacate the Veterans Court's decision and order it to correctly apply the law. Thank you very much. Thank you, Counsel, and the case is submitted.